USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JIMMY HOGANS,

                Petitioner,  :   10 Civ. 07572 (BSJ) (DF)

  -against-  :   **REPORT AND RECOMMENDATION**

THE PEOPLE OF THE STATE OF NEW YORK,  :

                Respondent.  :
------------------------------------------------------------X

**TO THE HONORABLE BARBARA S. JONES, U.S.D.J.:**

For the reasons set forth herein, I recommend that this action be dismissed for failure to prosecute.

## BACKGROUND

On September 22, 2010, Petitioner, appearing *pro se*, filed a petition in the Northern District of New York seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, following his conviction, in New York State Supreme Court, New York County, of three counts of burglary in the third degree and three counts of petit larceny. (*See* Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody, dated Sept. 22, 2010 (Dkt. 1) ("Petition"); *see also People v. Hogans*, 878 N.Y.S.2d 890 (1st Dep't 2009), *leave denied*, *People v. Hogans*, 13 N.Y.3d 797 (2009).) As Petitioner was challenging his conviction by a state court sitting within the Souther District of New York, the Northern District of New York transferred the case to this Court on October 1, 2010. (*See* Dkt. 3 (citing *Heureaux v. Ekpe*, No. 06 Civ. 6354, 2007 WL 1965300, at *2 (E.D.N.Y. July 2, 2007) (noting that habeas petition is properly transferred to judicial district in which conviction and sentencing of petitioner took place); 28 U.S.C. §§ 1404(a), 1406(a)).) The matter was then referred to me to issue a Report and Recommendation. (Dkt. 7.)

On June 19, 2011, upon discovering that the Petition had likely never been served on Respondent and that no scheduling order had previously issued, this Court issued an Order directing the Clerk of Court to serve the Petition on Respondent and setting a briefing schedule (Dkt. 9). This Order was mailed to Plaintiff at his address of record at Franklin Correctional Facility in Malone, New York, but was returned undeliverable on July 25, 2011, with a notation that the inmate had "moved." According to the New York State Department of Correctional Services, Petitioner was discharged from Upstate Correctional Facility in Malone, New York on February 20, 2011, having served the maximum sentence.[1] Based upon an inquiry by my chambers to Upstate Correctional Facility, Petitioner did not provide a forwarding address to the facility. Thus, this Court, at present, has no information as to how to contact Petitioner.

## DISCUSSION

A petitioner has a general obligation to prosecute his case diligently and to keep the Court apprised of his current mailing address, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Wilson v. New York City Corp. Counsel*, No. 07 Civ. 3658 (JSR), 2008 WL 516014, at *1 (S.D.N.Y. Feb. 27, 2008) (noting that "it was plaintiff's responsibility to apprise the Court of his current address"). "A [petitioner's] lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Ortiz v. United States*, No. 01 Civ. 4665 (AKH), 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute

---

[1] *See* New York State Department Of Correctional Services, Inmate Population Information Search, http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (Search Last Name "Hogans"; First Name "Jimmy"; DIN "08-A-1587").

where "[p]laintiff ha[d] not even fulfilled his minimal obligation to keep the *pro se* office of this Court informed of his change of address"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a petitioner fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In this action, Petitioner has failed to keep the Court apprised of his current contact information, and the Court has no way to reach him. Accordingly, I recommend that this action be dismissed, although I further recommend that any dismissal be without prejudice to move to reinstate this action, should Plaintiff be able demonstrate good cause for his failure to prosecute this case.[2]

---

[2] Petitioner's release would not have mooted his claims challenging his conviction in this proceeding, so long as he remains subject to "collateral consequences" from that conviction. *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (noting that, because of a resulting inability to vote, serve as a juror, or engage in certain businesses, a petitioner may have "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him") (internal quotation marks omitted); *see also Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) (noting that collateral consequences of wrongful conviction are presumed to exist, even if "remote and unlikely to occur") (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968)). Petitioner's release, however, would prevent him from bringing a new habeas petition challenging that conviction. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("[T]he habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." (quoting 42 U.S.C. § 2254(a))).

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's claims be DISMISSED, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, without prejudice to seek reinstatement of the action, and that the case be closed at this time on the Docket of the Court, with any outstanding motions marked "closed" as well.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Petitioner shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Honorable Barbara S. Jones, United States Courthouse, 500 Pearl Street, Room 1920, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        July 29, 2011

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

4

Copies To:

Hon. Barbara S. Jones, U.S.D.J.

*Pro Se* Office, S.D.N.Y.

Mr. Jimmy Hogans
08-A-1587
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

Alyson Gill, Esq.
Assistant Attorney General
120 Broadway
New York, NY 10271